**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0813-18T3

SEAN SUTTON,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted December 2, 2019 – Decided February 19, 2020

Before Judges Messano and Susswein.

On appeal from the New Jersey Department of Corrections.

Sean Sutton, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner, Sean Sutton, appeals from a final agency decision by the Department of Corrections (DOC) imposing disciplinary sanctions for fighting with another inmate. The Disciplinary Hearing Officer found petitioner guilty of the infraction and imposed a ninety-day loss of commutation credits and a fifteen-day loss of recreational privileges. The Assistant Superintendent upheld the conviction and sanctions.

Sutton contends insufficient evidence was presented to convict him of fighting and that he received ineffective assistance of substitute counsel at the hearing. He also raises two interrelated procedural claims: (1) he received less than the required twenty-four-hour notice before the hearing, and (2) the hearing was held in his absence. He raises both of these procedural contentions for the first time on this appeal. Although we may decline to consider issues not raised below, we choose in this instance to address Sutton's procedural arguments and to reverse his conviction for fighting. We remand for a new hearing at which he shall be assured an opportunity to participate.

I.

Sutton raises the following points for our consideration:

POINT I

THE HEARING OFFICER'S (DHO) GUILTY FINDINGS OF THE *004 INFRACTION AND THE

ADMINISTRATOR'S UPHOLDING OF THAT FINDING WAS ARBITRARY, CAPRICIOUS, AND UNREASONABLE, AS IT WAS NOT BASED ON SUBSTANTIAL EVIDENCE IN THE RECORD.

POINT II

THE [PETITIONER] WAS DENIED HIS RIGHT TO DUE PROCESS.

    A. THE DEPARTMENT'S FAILURE TO INVESTIGATE AND ITS DENIAL OF [PETITIONER'S] REQUEST FOR VIDEO FOOTAGE DENIED HIM HIS RIGHT TO DUE PROCESS.

    B. THE DEPARTMENT'S DISREGARD FOR THE [PETITIONER'S] RIGHT TO [TWENTY-FOUR] HOUR NOTICE DENIED HIM HIS RIGHT TO DUE PROCESS.

    C. THE DEPARTMENT'S FAILURE TO INVESTIGATE AND ITS DENIAL OF [PETITIONER'S] REQUEST FOR VIDEO FOOTAGE DENIED HIM HIS RIGHT TO DUE PROCESS.

POINT III

THE INEFFECTIVE ASSISTANCE OF COUNSEL SUBSTITUTE DENIED THE [PETITIONER] HIS RIGHT TO DUE PROCESS, AS HE FAILED TO ADVISE THE [PETITIONER] OF HIS RIGHT TO REQUEST A POLYGRAPH EXAMINATION.

3

II.

We begin our analysis by acknowledging the legal principles we must apply, including the deference we owe to administrative agencies. "The judicial capacity to review administrative agency decisions is limited." Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). We may disturb a final agency action only if it is arbitrary, capricious, or unreasonable. Id. at 210. We defer to administrative agencies in recognition of their "expertise and superior knowledge of a particular field." Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992) (citing Clowes v. Terminix Int'l, 109 N.J. 575, 587 (1988)).

We turn next to the circumstances of the infraction. There was no direct evidence that Sutton was fighting. Rather, the case against him is entirely circumstantial. A corrections officer during a routine hand-and-body check discovered scratches on Sutton's chest and bruises on his face. Sutton claimed the injuries occurred while playing basketball. The officer also learned that another inmate had facial lacerations and a swollen eye. That inmate claimed he had fallen in the shower. Both inmates were charged with fighting based on their coincidental injuries and DOC's assessment that the explanations for their injuries were implausible.

4

Although the evidence DOC relied on is only circumstantial and far from overwhelming, given the deferential standard of review, we might have been prepared to accept the hearing officer's conclusions of fact, especially if the hearing officer had documented his credibility assessment. The deference we owe to an agency's factfinding prerogative, however, presupposes both sides have an opportunity to present their case before the hearing officer. On the limited record before us, we are not confident that Sutton had such opportunity. The record conclusively shows that Sutton was not afforded the minimum twenty-four hours' notice to prepare. Meanwhile, the record does not reliably show that he was afforded his right to attend.

In Avant v. Clifford, the New Jersey Supreme Court acknowledged that prison disciplinary procedures are "not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply." 67 N.J. 496, 522 (1975) (quoting Morrisey v. Brewer, 408 U.S. 471, 480 (1972)). The Court nonetheless made clear:

> The inmate is permitted to be present throughout the hearing except during the Committee's deliberations and except where institutional security would be jeopardized. The reasons for excluding an inmate from the hearing must be "well documented" on the record. Otherwise, the hearing is conducted in the absence of the inmate only if he refuses to appear and cannot be

> brought to the hearing without the use of force, or if he
> is on escape.
>
> [Id. at 528–29.]

In this instance, we are not persuaded that Sutton was present at the disciplinary hearing as the DOC contends.[1] We would expect that the record of an inmate disciplinary hearing would clearly document whether the inmate had attended and whether he testified.[2] Given the circumstantial nature of the agency's proofs, Sutton's explanation for his injuries emerges as an especially important circumstance for the hearing officer to consider. If Sutton had

---

[1] DOC argues that Sutton relies on a "self-serving" Certification in Support of Appeal to support his contention that the disciplinary hearing was held in absentia and urges us to disregard that certification. The DOC also asserts that the record shows that "Sutton provided a verbal statement at the hearing." We have reviewed the document in the State's appendix to which the DOC refers. It is true that the following statement is attributed to Sutton: "I was playing basketball. That's why I got scratches on me." It is not clear, however, whether that statement was made live at the disciplinary hearing or rather had been given to the officer who detected Sutton's injuries and investigated the allegation of mutual fighting.

We add that the document indicates that the "[i]nmate [was] advised of use immunity for criminal proceedings by the Disciplinary Hearing Officer," since that box is checked. However, the document does not make clear whether Sutton was advised of use immunity at the hearing, before the hearing as part of the notice process, or during the investigation.

[2] The record also does not suggest that Sutton knowingly waived the right to attend, that he refused to appear, or that institutional security would have been jeopardized by his attendance.

testified at the hearing, we would expect the hearing officer to have made explicit credibility findings based on Sutton's demeanor as a witness. So far as we can tell, however, the hearing officer made no such findings, which is consistent with Sutton's claim that he was not present at the hearing.

What is clear is that Sutton was not accorded a full twenty-four hours' notice of the disciplinary hearing—a circumstance the State does not dispute. N.J.A.C. 10A:4-9.2. It appears that in this instance, the hearing occurred twenty-two hours after notice was given. While a two-hour discrepancy may not seem particularly important in terms of safeguarding an inmate's ability to adequately prepare for a hearing, this procedural violation takes on greater significance when viewed in the context of petitioner's contention that the hearing was held in absentia.

DOC argues that Sutton did not object to the short notice. We note in this regard that question eight of the adjudication form provides a checkoff box to record a waiver and states: "if inmate waives [twenty-four] hours['] notice, obtain inmate's signature." The box indicating waiver was not checked, and the space for the inmate's signature was left blank. We deem this feature on the form to be an important safeguard of the right to adequate notice. The failure to fill it out in a case where it is not disputed that the inmate was afforded less than

twenty-four hours' notice indicates Sutton did not waive that specific right. It also supports his claim that he was not present to do so at the time the form was filled out at the hearing.

As we have noted, the DOC urges us to disregard Sutton's procedural claims because he raises them for the first time on this appeal. It is well-settled that we need not consider an issue raised for the first time on appeal, provided there was an opportunity to present the issue, unless it goes to the jurisdiction of the trial court or concerns matters of substantial public interest. State v. Robinson, 200 N.J. 1, 20 (2009) (citing Nieder v. Royal Indem. Ins., 62 N.J. 229, 234 (1973)). Because we deem the right to notice of a hearing and the associated right to attend that hearing to be important procedural safeguards of the integrity of the inmate disciplinary process, we choose to consider Sutton's claims, applying the plain-error standard of review. R. 2:10-2.

In sum, we are constrained to conclude that procedural irregularities in this case were "clearly capable of producing an unjust result." Ibid. We therefore reverse petitioner's conviction for fighting and remand to the DOC to conduct a new disciplinary hearing, affording Sutton proper notice and opportunity to attend and participate. In light of this ruling, we need not address Sutton's claim that his substitute counsel was ineffective at the hearing.

8

Reverse and remand.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0813-18T3